

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 15, 2019

**VIA ECF**
The Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:   *The New York Times Company, et. al., v. United States Food and Drug Administration*, 19 Civ. 4740 (VEC)

Dear Judge Caproni:

    This Office represents the United States Food and Drug Administration ("FDA") in the above-referenced action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). On behalf of the parties, we write pursuant to this Court's Order dated July 11, 2019, which instructed the parties to provide a joint status update, a proposed schedule for briefing any motions for summary judgment, and the parties' view on whether the initial pretrial conference currently scheduled for November 22, 2019, should be cancelled. *See* Dkt. No. 12.

    This FOIA case concerns two requests submitted by The Times to FDA for certain Juul Labs, Inc. ("Juul") records in FDA's possession. FDA has completed its response to The Times' request under the court-approved schedule, *see id.* at 3. Although FDA produced certain responsive records, FDA withheld responsive records from production under FOIA's Exemption 4. That exemption shields from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). At this juncture, The Times contests FDA's invocation of Exemption 4. The parties, however, have agreed to further confer regarding the withholdings. FDA has agreed, for example, to provide The Times with additional information concerning the withheld records, which may enable the parties to narrow the issues for the Court.

    In addition, FDA's position is that, prior to any summary judgment briefing, it would be appropriate for Juul to intervene as a defendant and participate in such briefing given that The Times only seeks Juul records held by FDA. *See* Order, Dkt. No. 47, *Seife v. FDA*, 17-cv-3960 (JMF) (Sept. 18, 2017 S.D.N.Y.) (granting pharmaceutical company's unopposed motion to intervene in FOIA case arising from FOIA request to FDA for information concerning testing and approval process for a drug created by that company). The undersigned has informed Juul's counsel of that position. In turn, Juul's counsel has informed FDA that it is currently evaluating whether to move to intervene in this action.

In light of these issues, the parties jointly propose the following schedule below. This proposed schedule also accounts for time necessary for relevant FDA employees (and potentially Juul employees) to prepare declarations in support of any motion for summary judgment.

- On or before December 5, 2019, FDA will provide The Times with additional information concerning records withheld by FDA in response to The Times' FOIA requests.

- After the production of this information, the parties shall meet and confer to discuss FDA's claimed withholdings.

- ~~Any motion to intervene by Juul shall be due by December 5, 2019.~~[1]

- ~~Any opposition to any such motion shall be due by December 12, 2019.~~

- On or before December 20, 2020, The Times shall inform FDA in writing of whether it intends to contest the adequacy of FDA's search or any of FDA's claimed withholdings (and, if so, which specific withholdings).

- On or before January 6, 2020, the parties shall provide the Court with a joint status report regarding their meet-and-confer discussions and the scope of any anticipated motions for summary judgment.

- FDA's motion for summary judgment (and any motion for summary judgment filed by potential-intervenor Juul) shall be due by February 18, 2020.

- The Times' response and cross motion for summary judgment shall be due by March 17, 2020.

- FDA's response to the cross-motion and reply (and any response or reply by potential-intervenor Juul) shall be due by March 31, 2020.

- The Times' reply shall be due by April 14, 2020.

Given the parties' agreement regarding a proposed schedule, the parties respectfully request that the Court cancel the IPTO currently scheduled for November 22, 2020.

---

[1] Juul opposes a December 5, 2019, deadline for any motion to intervene. Juul's position is that it is reasonable and consistent with Rule 24 for FDA and The Times to first attempt to resolve or narrow the dispute between them, pursuant to the meet-and-confer schedule they propose.

Thank you for your consideration of this matter.

> Respectfully,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> By: /s/ Charles S. Jacob
> CHARLES S. JACOB
> Assistant United States Attorney
> Tel: (212) 637-2725

cc: Counsel of record (via ECF)

---

Application GRANTED in part. The Court adopts the parties' proposed schedule as modified. If Juul moves to intervene in this case, the Court will at that time determine whether the motion is timely. But the Court warns Juul that is is unlikely to significantly modify the proposed schedule, thus Juul should make a timely decision whether to move to intervene. The conference scheduled for November 22, 2019, is CANCELLED.

SO ORDERED.

*[signature: Valerie Caproni]*
11/20/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE